Dear Mayor Richard:
You have presented the following legal question for our resolution:
 Do the provisions of R.S. 39:1311 allow an elected police chief to exceed the municipal police department budget by a factor of 5% or less, without sanction or penalty?
Our response is in the negative, qualified in the following respects. The Louisiana Local Government Budget Act, R.S. 39:1301, et seq., mandate that "the total of proposed expenditures shall not exceed the total of estimated funds available for the ensuing fiscal year." See R.S.39:1305(E). An intentional violation of R.S. 39:1305(E) subjects a public official to the penalties imposed by R.S. 39:1315, providing in part:
 § 1315. Violations
 A. Except as provided in R.S. 39:1314[1], any public official or officer that violates, either knowingly or intentionally, the provisions of R.S. 39:1305(E), either through the adoption of an original budget or through amendment to a legally adopted budget, shall be a violation of R.S. 14:134[2] and shall be subject to the penalties contained therein.
 B. Any person may commence a suit in a court of competent jurisdiction for the parish in which the political subdivision is domiciled for mandamus, injunctive, or declaratory relief to require compliance with the provisions of this Chapter.
The question is one of intent under R.S. 39:1315, as the public official must "knowingly or intentionally" violate R.S. 39:1305(E) in order to invoke the penalty provisions of the statute. Further, R.S.39:1311(E)[3] should not be misinterpreted to afford a chief of police a five-percent margin of error if he in fact intentionally violates the law cited herein. Again, a chief of police may or may not be subject to sanction under 39:1315, depending upon the facts in the individual case, which either establish his knowing intent to make illegal expenditures, or indicate a lack of the requisite intent.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 39:1314 provides:
§ 1314. Emergencies
Nothing shall prohibit the expenditure of funds in cases of emergency. For purposes of this Section, "an emergency" means an unforeseen event bringing with it destruction or injury of life or property or the imminent threat of such destruction or injury.
[2] R.S. 14:134 provides:
§ 134. Malfeasance in office
Malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner, or
(3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such lawful duty shall not relieve the public officer or employee of his lawful duty.
Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.
[3] R.S. 39:1311(E) provides:
E. Notwithstanding any provisions of this Section to the contrary, the elected chief of police in a municipality shall advise the municipal governing authority in writing when total actual expenditures plus projected expenditures for the remainder of the year within the police department exceed the total budgeted expenditures by five percent or more, and shall make recommendations in writing to the governing authority for responsive action.